UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

KEITH CASEY,

        Plaintiff,

v.                               Case No. 5:19-CV-0732-JKP

MARATHON PETROLEUM
COMPANY, LP, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

This action was transferred to the docket of the undersigned on August 12, 2019. *See* ECF No. 13. Among other filings, the parties have subsequently filed a proposed Scheduling Order (ECF No. 22), Defendants' Motion for Judgment on the Pleadings (ECF No. 19), Defendants' Motion to Stay (ECF No. 20), and related briefing. In reviewing these filings in conjunction with the filed First Amended Complaint (ECF No. 8) in which Plaintiff asserts federal jurisdiction through diversity of citizenship under 28 U.S.C. § 1332, it is apparent that Plaintiff has not properly alleged the citizenship of the defendants.

Plaintiff alleges that "Defendant Marathon Petroleum Corporation is a limited partnership organized under the laws of Delaware and has a principal place of business in Ohio." ECF No. 8 ¶ 5. He alleges that "Defendant Andeavor LLC is a limited liability company organized under the laws of Delaware [and] was formerly headquartered in Texas but now has a primary place of business in Ohio." *Id.* ¶ 6. Finally, he alleges that "Defendant Mahi LLC is a limited liability company organized under the laws of Delaware and has a principal place of business in Ohio." *Id.* ¶ 7.

Plaintiff's jurisdictional facts are insufficient to establish diversity jurisdiction under § 1332. "The citizenship of a limited partnership is based upon the citizenship of each of its partners." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)). Similarly, in *Harvey*, the Fifth Circuit concluded that "like limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members." *Id.* at 1080. For purposes of diversity jurisdiction, the citizenship of the three defendants is not determined by their principle place of business or under which state's law they are organized.

The Fifth Circuit has long held that, under Fed. R. Civ. P. 12(h)(3), the federal courts "have the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking." *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985). Rule 12(h)(3) provides in full: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Given the jurisdictional requirements of § 1332, the Court's responsibility for determining the existence of subject matter jurisdiction, and the express direction of Rule 12(h)(3), the Court directs Plaintiff to cure the noted deficiencies in his jurisdictional facts by filing a Second Amended Complaint **on or before October 9, 2019**. Because Defendants assert pleading deficiencies in their motion for judgment on the pleadings, Plaintiff is also granted leave under Fed. R. Civ. P. 15(a)(2) to amend other aspects of his complaint to address any alleged deficiency he deems warranted. Although the Court has found jurisdictional deficiencies, the Court has made no determination that the First Amended Complaint is deficient in any manner alleged by Defendants.

In light of the granted leave to amend the complaint, the Court **DENIES** Defendants' Motion for Judgment on the Pleadings (ECF No. 19) without prejudice to Defendants filing a similar motion in response to Plaintiff's next amended complaint. The Court also **DEEMS MOOT and thus DENIES** Defendants' Motion to Stay (ECF No. 20) due to the ruling on the motion for judgment on the pleadings. Furthermore, until Plaintiff cures the jurisdictional deficiencies, the Court finds good cause to delay entry of a scheduling order, *see* Fed. R. Civ. P. 16(b)(2), and will take no action on the proposed scheduling order.

SIGNED this 25th day of September, 2019.

_____
JASON K. PULLIAM
UNITED STATES DISTRICT JUDGE