# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| KEITH CASEY, | ) |
| *Plaintiff,* | ) ) ) |
| v. | ) Civ. No. 19-cv-732 |
| MARATHON PETROLEUM COMPANY LP, ANDEAVOR LLC, & MAHI LLC | ) ) JURY DEMANDED ) ) ) |
| *Defendants.* | ) ) |

## DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants Marathon Petroleum Company LP ("MPC LP"), Andeavor LLC, and Mahi LLC[1] hereby provide their Answer to Plaintiff Keith Casey's Second Amended Complaint as follows. All allegations not specifically admitted herein are denied.

## I. PRELIMINARY STATEMENT

1. Defendants deny the allegations set forth in Paragraph 1.

2. Defendants admit that Casey purports to bring claims against Defendants for breach of contract and fraud and seeks damages in doing so. Defendants deny all remaining allegations set forth in Paragraph 2 and specifically deny that Casey is entitled to any relief whatsoever.

3. Due to the vague and ambiguous nature of the allegations and statements contained in Paragraph 3, Defendants are without sufficient information to form a belief as to their truth, and therefore deny the allegations and any legal conclusions implied.

---

[1] Defendant Mahi LLC and Defendant Andeavor LLC are the same entity, *i.e.*, on September 24, 2018, Mahi LLC changed its name to Andeavor LLC. In providing this Answer, Defendants do not waive any argument in this regard.

1

## II. PARTIES

4. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 4 and therefore deny them.

5. Defendants deny that "Marathon Petroleum Corporation LP" is an entity, let alone a defendant. Defendants assume that Plaintiff intends to refer to MPC LP in this Paragraph. Defendants admit that MPC LP is a limited partnership organized under Delaware law and has a principal place of business in Ohio. Defendants further admit that MPC LP has two partners, which are Marathon Petroleum Corporation (a Delaware corporation with its principal place of business in Ohio) and MPC Investment, LLC (a Delaware limited liability company whose sole member is Marathon Petroleum Corporation). Defendants further admit that MPC LP has appeared in this lawsuit and may be served through counsel. Defendants deny all remaining allegations set forth in Paragraph 5.

6. Defendants admit that Andeavor LLC is a Delaware limited liability company whose sole member is Marathon Petroleum Corporation (a Delaware corporation with its principal place of business in Ohio). Defendants further admit that Andeavor LLC has appeared in this lawsuit and may be served through counsel. Defendants deny all remaining allegations set forth in Paragraph 6.

7. In response to Paragraph 7, Defendants state that Mahi LLC changed its name to Andeavor LLC on September 24, 2018. Defendants admit that Mahi LLC, now known as Andeavor LLC, is a limited liability company organized under the laws of Delaware and has a principal place of business in Ohio. Defendants deny that Mahi LLC's sole member is Andeavor LLC. Defendants admit that Andeavor LLC's sole member is Marathon Petroleum Corporation (a Delaware corporation with its principal place of business in Ohio). Defendants admit that Mahi LLC already

appeared in this lawsuit and may be served through counsel. Defendants deny all remaining allegations set forth in Paragraph 7.

### III. JURISDICTION AND VENUE

8. The allegations set forth in Paragraph 8 contain legal conclusions to which no response is required.

9. The allegations set forth in Paragraph 9 contain legal conclusions to which no response is required.

### IV. FACTUAL ALLEGATIONS

10. Defendants admit that Casey is a former employee of Andeavor and Tesoro Corporation. Defendants further admit that Casey served as Executive Vice President of Commercial and Value Chain for Andeavor in early 2018. Defendants deny all remaining allegations set forth in Paragraph 10.

11. Defendants admit that Casey was eligible for Andeavor's 2018 Incentive Compensation Program ("ICP"). Defendants further admit that the ICP was designed to reward employees based on collective, measurable contributions that deliver value, motivate employees to achieve year-over-year incremental improvements, and recognize and reward high performers. Defendants deny any remaining allegations set forth in Paragraph 11.

12. Defendants admit that, pursuant to the ICP Program, payouts were based on corporate-wide results, business unit results, and individual employee performance. Defendants further admit that ICP bonuses are calculated using the formula identified in Paragraph 12. Defendants deny all remaining allegations set forth in Paragraph 12.

13. Defendants admit that, under the ICP Program, the ICP payout paid to a terminated employee is calculated using earnings received through the employee's last paycheck. Defendants deny all remaining allegations set forth in Paragraph 13.

14. Defendants deny the allegations set forth in Paragraph 14.

15. Defendants admit that Casey and other employees received information through an Executive Severance & Benefit Treatment Guide, which contained the emblems of both Andeavor and Marathon Petroleum Corporation. Defendants deny all remaining allegations set forth in Paragraph 15.

16. Defendants admit that Casey and other employees received information through a 2018 Incentive Compensation Statement, which contained the emblem of Marathon Petroleum Corporation. Defendants deny all remaining allegations set forth in Paragraph 16.

17. Defendants deny the allegations set forth in Paragraph 17.

18. Defendants admit that Marathon Petroleum Corporation filed an S-4 Registration Statement with the SEC on July 20, 2018, which stated that eligible Andeavor employees would "receive payment of a 2018 annual cash performance bonus based on actual achievement of performance conditions for the full period in accordance with the performance criteria and bonus opportunities established by Andeavor for the 2019 bonuses" and that the bonuses would be paid "to bonus eligible employees who remain employed through December 31, 2019 (unless earlier terminated without cause, provided that this does not result in duplication of benefits)..." Defendants further admit that the July 20, 2018 S-4 Registration Statement identified Casey and explained that "[p]ayments in respect of 2018 annual cash performance bonuses, which will be based on the actual achievement of performance conditions and are estimated based on target performance, are considered single-trigger payments because they would be made if the named executive officer remained employed through December 31, 2018, irrespective of a later termination of employment, or if the named executive officer is terminated without cause." Defendants deny all remaining allegations set forth in Paragraph 18.

19. Defendants deny the allegations set forth in Paragraph 19.

20. Defendants deny the allegations set forth in Paragraph 20.

21. Defendants deny the allegations set forth in Paragraph 21.

22. Defendants deny the allegations set forth in Paragraph 22.

23. Defendants deny the allegations set forth in Paragraph 23.

24. Defendants deny the allegations set forth in Paragraph 24.

25. Defendants admit the allegations set forth in Paragraph 25.

26. Defendants admit that Casey was paid his 2018 ICP bonus on or around March 5, 2019. Defendants deny all remaining allegations set forth in Paragraph 26.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION: BREACH OF CONTRACT

27. Defendants incorporate by reference their responses to Paragraphs 1 through 26.

28. Defendants deny the allegations set forth in Paragraph 28.

29. Defendants deny the allegations set forth in Paragraph 29.

30. Defendants deny the allegations set forth in Paragraph 30.

31. Defendants deny the allegations set forth in Paragraph 31 and specifically deny that Casey is entitled to any relief whatsoever.

32. Defendants deny the allegations set forth in Paragraph 32 and specifically deny that Casey is entitled to any relief whatsoever.

### SECOND CAUSE OF ACTION: FRAUD

33. Defendants incorporate by reference their responses to Paragraphs 1 through 32.

34. Defendants deny the allegations set forth in Paragraph 34.

35. Defendants deny the allegations set forth in Paragraph 35.

36. Defendants deny the allegations set forth in Paragraph 36.

37. Defendants deny the allegations set forth in Paragraph 37.

38. Defendants deny the allegations set forth in Paragraph 38.

39. Defendants deny the allegations set forth in Paragraph 39 and specifically deny that Casey is entitled to any relief whatsoever.

## VI. ATTORNEYS' FEES AND COSTS

40. Defendants incorporate by reference their responses to Paragraphs 1 through 39.

41. Defendants deny that Casey is entitled to the relief sought in Paragraph 41 or to any relief whatsoever.

## VII. JURY DEMAND

42. Defendants admit that Casey purports to request a trial by jury.

## VIII. PRAYER

43. Defendants deny that Casey is entitled to any of the relief sought in Paragraph 43 and its subparts, or to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants, for their affirmative and other defenses to Casey's Second Amended Complaint, state as follows:

1. Casey's Second Amended Complaint fails to state a claim upon which relief can be granted and is subject to entry of judgment on the pleadings.

2. Casey's claims against Defendant Mahi LLC should be dismissed because Mahi LLC no longer exists as an operating entity.

3. Casey's claims are barred in whole or in part by the doctrines of waiver and estoppel, through his acceptance of his ICP bonus.

4. Casey lacks standing to pursue his claims due to lack of injury.

5. Casey's claims are barred in whole or in part by the doctrine of unclean hands,

including in connection with his violation of confidentiality promises.

6. Casey's claims are barred in whole or in part by the economic loss doctrine.

7. Casey's claims are barred in whole or in part by the doctrine of accord and satisfaction, through his acceptance of his ICP bonus and commitment to pay proceeds of suit to charity.

8. The damages claimed by Casey, if any, resulted from either independent, intervening, or superseding cause or causes, and no action or omission on the part of Defendants was the proximate or contributing cause of Casey's alleged injuries.

9. Casey's claims are barred in whole or in part by Casey's own malfeasance and/or nonfeasance, including in connection with his violation of confidentiality promises.

10. Defendants reserve the right to add to or amend this list of affirmative and other defenses up to and including the time of trial.

Dated: October 14, 2019

Respectfully Submitted,

SHOOK, HARDY & BACON L.L.P.

By: */s/ Sonila Themeli*
  Sonila Themeli
  Texas Bar No. 24073588
  John Lewis, Jr. *(Admission to WDTX pending)*
  Texas Bar No. 24108103
  JPMorgan Chase Tower
  600 Travis Street, Suite 3400
  Houston, TX 77002
  Phone: (713) 227-8008
  Fax: (713) 227-9508
  sthemeli@shb.com
  jolewis@shb.com

4823-7168-2985

Kristen A. Page*
Ashley N. Harrison*
2555 Grand Blvd.
Kansas City, Missouri 64108
Phone: (816) 474.6550
Fax: (816) 421.5547
kpage@shb.com
aharrison@shb.com
*Admitted Pro Hac Vice

ATTORNEYS FOR DEFENDANTS

4823-7168-2985

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of October 2019, a true and correct copy of the foregoing was filed using the Court's CM/ECF electronic filing system, which served notice on all counsel of record.

                                               */s/ Sonila Themeli*
                                               ATTORNEY FOR DEFENDANTS