UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

KEITH CASEY,

    Plaintiff,

v.              Case No. 5:19-CV-0732-JKP

MARATHON PETROLEUM
COMPANY, LP, et al.,

    Defendants.

# ORDER

The Court has under consideration Defendants' Motion for Judgment on the Pleadings (ECF No. 33). Pursuant to Fed. R. Civ. P. 12(c), Defendants seek to dismiss Plaintiff's claims on the pleadings. The motion is ripe and ready for ruling.

The standard for a motion for judgment on the pleadings under Rule 12(c) is the same as for a motion filed under Fed. R. Civ. P. 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). At its essence, this standard requires the complaint to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, viewing the pleading "in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Doe*, 528 F.3d at 418 (citation omitted).

When a complaint contains allegations of fraud, the particularity requirements of Fed. R. Civ. P. 9(b) also come into play. The facts of each case impacts what constitutes particularity. *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003). But at a minimum, Rule 9(b) requires the complaint to identify the who, what, when, where, and how related to the alleged fraud. *Id.* (citation and internal quotation marks omitted).

After reviewing the briefing and Plaintiff's Second Amended Complaint (ECF No. 30),

the Court finds the amended complaint satisfies the well-established standards for stating a claim under *Twombly* and Fed. R. Civ. P. 9(b). Based on its review of these matters of record, the Court finds no need to further discuss or analyze the legal or factual issues.

For these reasons, the Court **DENIES** Defendants' Motion for Judgment on the Pleadings (ECF No. 33).

SIGNED this 7th day of November, 2019.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE